# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM E. BARTEL, as personal representative of the ESTATE OF SILAS B. BISHOP** | **CIVIL ACTION** |
| | **NO. 14-251-JJB-RLB** |
| | **C/W No. 14-252-JJB-RLB** |
| **VERSUS** | |
| **ALCOA STEAMSHIP COMPANY, ET AL.** | **This document applies to all cases** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 6, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM E. BARTEL, as personal representative of the ESTATE OF SILAS B. BISHOP** | **CIVIL ACTION**<br><br>**NO. 14-251-JJB-RLB**<br>**C/W No. 14-252-JJB-RLB** |
| **VERSUS** | |
| **ALCOA STEAMSHIP COMPANY, ET AL.** | **This document applies to all cases** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a consolidated action in which two separate defendants have removed the same action filed in state court pursuant to two different removal statutes: 28 U.S.C. § 1441 and 28 U.S.C. § 1442. The court has consolidated these actions for adjudication. Plaintiff has filed two Motions to Remand respectively addressing each basis for removal.[1] Both of these motions are opposed. (*Bartel I*, R. Docs. 47, 48) (*Bartel II*, R. Docs. 36, 37). Based on the record and the applicable law as set forth below, Plaintiff's motions should be granted and the action should be remanded to state court.

## I.  BACKGROUND

William E. Bartel (Plaintiff), personal representative of the Estate of Silas B. Bishop (Decedent), filed the underlying state court action on March 12, 2014 in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (*Bartel I*, Petition, R. Doc. 1-1). Plaintiff alleges that between 1941 and 1985, Decedent was employed by the following Defendants:

---

[1] Plaintiff filed his motions to remand prior to consolidation. The lead case was removed on the basis of 28 U.S.C. § 1441. *See Bartel v. Alcoa Steamship Company*, No. 14-251-JJB-RLB [hereinafter *Bartel I*]. The subsequently filed action was removed on the basis of 28 U.S.C. § 1442. *See Bartel v. Alcoa Steamship Company*, No. 14-cv-252-JJB-RLB [hereinafter *Bartel II*]. Plaintiff's motions to remand are filed in the respective actions. (*Bartel I*, R. Doc. 39) (*Bartel II*, R. Doc. 27).

Alcoa Steamship Company, Inc.; Amerada Hess Corp.; American President Lines Ltd.; BP Corp. North American, Inc., individually, and/or as successor-in-interest to American Oil Co., and Amoco Shipping Co.; Amoco Shipping Company; Central Gulf Lines, Inc., individually and/or as successor-in-interest to Central Gulf Stream Corporation; Central Gulf Steamship Corporation; Crowley Marine Services, Inc., as successor by merger to Delta Steamship Lines, Inc., f/k/a Mississippi Shipping Co., Inc.; Delta Steamship Lines Inc.; Empire Transport Inc.; Farrell Lines Incorporated f/k/a American South African Lines; Hess Oil & Chem. Corp., Inc.; James River Transport Inc.; Chas. Kutz & Company, individually and/or as successor-in-interest to Keystone Shipping Company & Keystone Tankship Corporation; Keystone Shipping Company; Marine Navigation Company; Crowley Maritime Corp., individually and/or as successor-in-interest to Marine Transport Lines, Inc.; Marine Transport Lines, Inc.; Mathiasen Tanker Ind. Inc.; Matson Navigation Co. Inc.; National Bulk Carriers Inc.; Ogden Leader Transport Inc.; Pan Atlantic Steamship Co.; Sea-Land Service Inc.; Wabash Transport Inc.; and Waterman Steamship Corporation. (Petition, ¶¶ 2, 7-32). Plaintiff alleges that Decedent contracted and died of mesothelioma as a result of asbestos exposure on vessels owned or operated by Defendants. (Petition, ¶¶ 33-46). Plaintiff brings causes of action for recovery against Defendants under both the Jones Act, 46 U.S.C. § 30104 (Petition, ¶¶ 47-48), and general maritime law (Petition, ¶¶ 49-53). Plaintiff alleges that Defendants failed to warn Decedent of the presence of, and dangers associated with, asbestos on those vessels, failed to provide him with a safe workplace, and failed to provide adequate training, supervision, and protective equipment to Decedent and the other crewmembers for the handling of asbestos and asbestos-containing products. (Petition, ¶¶ 39, 47, 51, 52). Plaintiff did not demand a jury trial.

American President Lines, Ltd. (APL) filed a Notice of Removal on April 25, 2014. (*Bartel II*, R. Doc. 1). APL alleges that the Court has jurisdiction over the Plaintiff's action pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[2] APL alleges that while he was its employee between 1951 and 1993, Decedent worked on one vessel that APL operated for the U.S. Navy, Military Sealift Command ("MSC"): the USNS YUKON. (*Bartel II*, R. Doc. 1 at 2). APL attached a copy of the U.S. Maritime Administration's Vessel Status Card for this vessel providing that it was delivered to "Maritime Administration" in March 1986 and returned to the MSC for "Navy Mobilization" in March 1990. (*Bartel II*, R. Doc. 1-2).

Hess Corporation (Hess) also filed a Notice of Removal on April 25, 2014. (*Bartel I*, R. Doc. 1). The remaining served Defendants consented to the removal. (*Bartel I*, R. Doc. 2).[3] Hess alleges that the Court has subject matter jurisdiction over Plaintiff's claims under the admiralty jurisdiction statute, 28 U.S.C. § 1333(1) (saving to suitors clause), and that removal is proper pursuant to 28 U.S.C. § 1441 (removal of civil actions).

On May 23, 2014, Plaintiff moved to remand this action to state court. (*Bartel I*, R. Doc. 39; *Bartel II*, R. Doc. 27). Plaintiff asserts that removal is improper because (1) his Jones Act claims are non-removable pursuant to 28 U.S.C. § 1445(a), (2) his general maritime law claims are non-removable pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1), and (3) APL cannot establish the "causal nexus" requirement for removal pursuant to the federal officer removal statute, 28 U.S.C. § 1442.

---

[2] Removal pursuant to the federal officer removal statute does not require consent of the non-removing defendants. *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965).

[3] According to Hess, Amoco Shipping Company had not been served at the time of removal. (*Bartel I*, R. Doc. 1 at 3).

## II.  ARGUMENTS OF THE PARTIES

### A.  Removal Pursuant to 28 U.S.C. § 1441

Plaintiff's primary argument for remand of the removal made pursuant to 28 U.S.C. § 1441 is that his Jones Act claims are made non-removable pursuant to 28 U.S.C. § 1445(a). (*Bartel I*, R. Doc. 39-1 at 2).  Plaintiff argues that because his general maritime claims arise out of the same operative facts as his Jones Act claims, the entire action is non-removable. (*Bartel I*, R. Doc. 39-1 at 3-4)  Plaintiff further argues that nothing in the 2011 amendments to 28 U.S.C. § 1441 permits the court to exercise removal jurisdiction under his general maritime claims, while severing and remanding his Jones Act claims. (*Bartel I*, R. Doc. 39-1 at 4-5).

Plaintiff also argues that his general maritime claims are not removable to federal court. (*Bartel I*, R. Doc. 39-1 at 5-9).  Plaintiff argues that the "saving to suitors" clause in the admiralty jurisdiction statute is the historical basis for non-removability of general maritime claims. (*Bartel I*, R. Doc. 39-1 at 5-9).  Accordingly, despite decisions holding otherwise by this court, the 2011 amendments to 28 U.S.C. § 1441 did not make general maritime claims removable. (*Bartel I*, R. Doc. 39-1 at 5-9).

Several Defendants filed an Opposition arguing that in light of the 2011 amendments to 28 U.S.C. § 1441, this Court has held that general maritime claims are removable and the assertion of Jones Act claims does not prevent the removal of actions in which general maritime claims are alleged. (*Bartel I*, R. Doc. 47 at 3-6).  These same arguments are raised, in more detail, in the Opposition separately filed by Hess.  (*Bartel I*, R. Doc. 48).  Hess further argues that if the Jones Act claims cannot be removed, then they should be severed and remanded pursuant to either 28 U.S.C. § 1441(c) or Rule 21 of the Federal Rules of Civil Procedure. (*Bartel I*, R. Doc. 48 at 10).  In neither Opposition, however, do Defendants argue that Plaintiff

has fraudulently pled the Jones Act claims or has otherwise waived any challenges to the removal of the Jones Act claims.

### B.    Removal Pursuant to 28 U.S.C. § 1442

Plaintiff makes the same arguments discussed above, in less detail, with regard to remand of the removal made pursuant to 28 U.S.C. § 1442. (*Bartel II*, R. Doc. 27-1 at 3-4). Plaintiff further argues that removal is also improper pursuant to 28 U.S.C. § 1442 because Defendants cannot demonstrate that they have acted under the direction of a federal officer acting under "color of office" or that there is a "causal nexus" between acts committed under federal direction and the substance of the plaintiff's claims. (*Bartel II*, R. Doc. 27-1 at 2, 5).

APL filed an Opposition[4] acknowledging that the "Plaintiff's argument as to Jones Act non-removability does bring into focus a tension between 28 U.S.C. § 1442 and 28 U.S.C. § 1445(a)." (*Bartel II*, R. Doc. 36 at 2). APL nevertheless asserts that removal is proper pursuant to 28 U.S.C. § 1442(a)(1). APL argues that all of the requirements for federal officer removal are satisfied, namely that (1) it is a "person" for purposes of removal; (2) it was acting "under color of federal authority" at the time of the alleged tort; (3) it has a colorable federal defense; and (4) there is a "causal nexus" between the alleged tort and the governmental responsibilities assumed by the officer or agent at issue. (*Bartel II*, R. Doc. 36 at 3-8). APL does not argue, however, that Plaintiff has fraudulently pled the Jones Act claims or has otherwise waived any challenges to the removal of the Jones Act claims.

In a separately filed Opposition, Hess further argues that that there is case law suggesting that an action may be removed pursuant to § 1442 despite the presence of non-removable claims. (*Bartel II*, R. Doc. 37 at 4). Hess also argues that if the Jones Act claims cannot be removed, then

---

[4] This Opposition (*Bartel II*, R. Doc. 36) was filed on behalf of all Defendants represented by counsel for APL. The Court will reference the arguments in this Opposition as APL's arguments.

they should be severed and remanded pursuant to either 28 U.S.C. § 1441(c) or Rule 21 of the Federal Rules of Civil Procedure.  (*Bartel II*, R. Doc. 37 at 4).

## III.    LAW AND ANALYSIS

### A.    Removal Jurisdiction Pursuant to 28 U.S.C. §§ 1441 and 1333

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  The federal removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).  Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The Jones Act, 46 U.S.C. § 30104, provides a cause of action in negligence for a seaman who is injured in the course of his employment.[5] *See Pate v. Standard Dredging Corp.*, 193 F.2d 498, 501 (5th Cir. 1952) (The Jones Act "modified the prior maritime law of the United States by giving to seamen injured through negligence a right of action in personam against the employer.").  The Act incorporates the federal laws regulating recovery for personal injury to railway employees — the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. *See* 46 U.S.C. § 30104.  Therefore, Jones Act claims are non-removable pursuant to 28 U.S.C. §

---

[5] "A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section."  46 U.S.C. § 30104 (personal injury to or death of seaman).

1445(a).[6] *See Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 455 (2001) (28 U.S.C. §

1445(a) prevents removal of claims under the Jones Act even in the presence of diversity

jurisdiction); *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir. 1993) ("It is axiomatic

that Jones Act suits may not be removed from state court" because the Jones Act "incorporates

the general provisions of [FELA], including 28 U.S.C. § 1445(a).").

Because Plaintiff alleges causes of action under both the Jones Act and general maritime

law, the Court must determine whether his general maritime claim under § 1333(1) is removable

under the current version of § 1441(c) when joined with his properly pled Jones Act claim.

Section 1441(c) provides that actions involving both federal question claims and claims made

non-removable by statute may be removed in their entirety, subject to severance and remand of

the non-removable claim:

> (1) If a civil action includes—
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United
>> States (within the meaning of section 1331 of this title), and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the
>> district court or a claim that has been made nonremovable by statute, the
>> entire action may be removed if the action would be removable without
>> the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall
> sever from the action all claims described in paragraph (1)(B) and shall remand
> the severed claims to the State court from which the action was removed. Only
> defendants against whom a claim described in paragraph (1)(A) has been asserted
> are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c)(1)-(2).[7]

---

[6] "A civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States." 28 U.S.C. § 1445(a).

[7] Prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 1441, 125 Stat. 758, 759 (2011), § 1441(c) provided the following: "Whenever a separate and

Section 1441(c) permits removal of a "claim" not within the original or supplemental jurisdiction of the district court, or a "claim" that has been made non-removable by statute, when joined with a claim arising under federal law. Both the pre-amendment and post-amendment versions of § 1441(c) require that the "civil action" include "a claim" within the meaning of § 1331.[8] Accordingly, where the plaintiff files a "civil action" that includes both a "claim arising under the Constitution, laws, or treaties of the United States" and a non-removable Jones Act claim, then the action is removable in its entirety, but the court must sever and remand the Jones Act claim. 28 U.S.C. § 1441(c); *see Shultz v. Hercules Offshore, Inc.*, No. 14-188, 2014 WL 2041282, at *3 (E.D. Tex. May 15, 2014); *Landerman v. Tarpon Operating & Dev., L.L.C.*, -- F. Supp. 2d -- , 2014 WL 1763208, at *4-5 (E.D. La. May 1, 2014) (finding federal question jurisdiction over the plaintiff's OCSLA claim, but severing and remanding Jones Act claims, "in accordance with the mandatory language of § 1441(c)").

Here, Plaintiff filed a civil action in state court alleging Jones Act and general maritime claims, and Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441. Plaintiff's action does not assert a claim that arises under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. The Supreme Court has held that maritime claims, for which federal courts have original jurisdiction under 28 U.S.C. § 1333, do not "arise under" the Constitution, law, or treaties of the United States within the meaning of 28 U.S.C. § 1331. *See Romero v. International Terminal Operating Co.*, 358 U.S. 354, 378 (1959)

---

independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  28 U.S.C. § 1441(c) (2006).

[8] Section 1331 provides federal courts with original "federal question" jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

(finding it "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction"), *superseded by statute on other grounds*, 45 U.S.C. § 59, *as recognized in Miles v. Apex Marine Corp.,* 498 U.S. 19, 33 (1990); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) ("Emphatically, claims in admiralty, whether designated in rem or in personam, do *not* fall within" the category of claims arising under federal law.) (citing *Romero*, 358 U.S. at 378).

Accordingly, Plaintiff's action, which alleges a non-removable Jones Act claim but no claim falling under this Court's federal question jurisdiction, is not removable pursuant to 28 U.S.C. § 1441(c).[9] Two judges in this district, including the district judge in this action, have recently remanded actions where the plaintiff asserted both general maritime and Jones Act claims. *See*, *e.g.*, *Bartel v. Chas. Kurz & Co., Inc.*, No. 14-280-JJB-RLB, ECF No. 11 (M.D. La. Oct. 1, 2014), *report and recommendation adopted*, ECF No. 12 (M.D. La. Oct. 22, 2014); *Marvin v. Farrell Lines, Inc.*, No. 14-316-BAJ-SCR, ECF No. 23 at *7-10 (M.D. La. Sept. 12, 2014), *report and recommendation adopted sub nom. Marvin v. Am. Export Lines Inc.*, ECF No. 24 (M.D. La. Sept. 30, 2014); *Alfready Day, Sr. v. Alcoa Steamship Co., Inc*., No. 14-317-BAJ-SCR, ECF No. 16 at *7-9 (M.D. La. Sept. 12, 2014), *report and recommendation adopted*, ECF No. 17 (M.D. La. Sept. 30, 2014). Other district courts have reached the same conclusion. *See Unterberg v. Exxon Mobil Corp.*, No. 14-181, 2014 WL 3420779, at *4-5 (D. Haw. July 10, 2014); *Rawls v. Phillips 66 Co.*, No. 14-602, 2014 WL 2003104, at *1-2 (E.D. La. May 15, 2014); *Freeman v. Phillips 66 Co.*, No. 14-311, 2014 WL 1379786, at *5 (E.D. La. Apr. 8, 2014).

Defendants do not raise any specific statutory argument for why the Court should find removal jurisdiction in this action. Instead, Defendants rely on decisions in this district holding

---

[9] There is no other basis for removability pursuant to 28 U.S.C. § 1441.

that after the 2011 amendments, general maritime claims are removable in the absence of a separate basis for subject matter jurisdiction. *See Provost v. Offshore Serv. Vessels, LLC*, No. 14-89-SDD-SCR, 2014 WL 2515412, at *3-4 (M.D. La. June 4, 2014); *Garza v. Phillips 66 Co.*, No. 13-742-SDD-SCR, 2014 WL 1330547, at *4-5 (M.D. La. Apr. 1, 2014); *Harrold v. Liberty Ins. Underwriters, Inc.*, No. 13-762-JJB-SCR, 2014 WL 688984, at *3-4 (M.D. La. Feb. 20, 2014); *Bridges v. Phillips 66 Co.*, No. 13-477-JJB-SCR, 2013 WL 6092803, at *4-5 (M.D. La. Nov. 19, 2013).[10]

The four decisions in this district allowing removal of general maritime claims under the admiralty jurisdiction statute are distinguishable from the instant action. In one of those cases,

---

[10] These decisions rely on the analysis in *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 775-77 (S.D. Tex. 2013), which concluded that changes to the second sentence of 28 U.S.C. § 1441(b) (as it read prior to the 2011 amendments) removed the statutory basis for the non-removability of admiralty claims in the absence of another basis for jurisdiction as stated by the Fifth Circuit. *See Id.* at 775-77 (citing *In re Dutile*, 935 F.2d 61 (5th Cir. 1991)). Other decisions in the Southern District of Texas have viewed the *Ryan* analysis favorably. *See Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, No. 14-1147, 2014 WL 2739309 (S.D. Tex. June 17, 2014), *rev'd on other grounds by*, 2014 WL 4167807 (S.D. Tex. Aug. 20, 2014); *Carrigan v. M/V AMC Ambassador,* No. 13-3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Wells v. Abe's Boat Rentals Inc.,* No. 13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).

A number of courts have disagreed with the analysis in *Ryan*, however, concluding that the changes to 28 U.S.C. § 1441 under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 1441, 125 Stat. 758, 759 (2011), did not legislatively abolish the basis for non-removal of general maritime claims. *See Gregoire v. Enter. Marine Servs., LLC*, -- F. Supp. 2d -- , 2014 WL 3866589, (E.D. La. Aug. 6, 2014); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, No. 14-934, 2014 WL 3796150 (E.D. La. July 29, 2014); *Perrier v. Shell Oil Co.*, No. 14-490, 2014 WL 2155258 (E.D. La. May 22, 2014); *Porter v. Great Am. Ins. Co.*, No. 13-3069, 2014 WL 3385148 (W.D. La. July 9, 2014); *Gabriles v. Chevron USA, Inc.*, No. 14-669, 2014 WL 2567101 (W.D. La. June 6, 2014); *Figueroa v. Marine Inspection Servs.*, -- F. Supp. 2d. -- , 2014 WL 2958597 (S.D. Tex. July 1, 2014); *Alexander v. Seago Consulting, LLC*, No. 14-1292, 2014 WL 2960419 (S.D. Tex. June 23, 2014); *Rogers v. BBC Charting Am., LLC*, No. 13-3741, 2014 WL 819400 (S.D. Tex. Mar. 3, 2014); *Cassidy v. Murray*, -- F. Supp. 2d -- , 2014 WL 3723877 (D. Md. July 24, 2014); *In re Foss Mar. Co.*, -- F. Supp. 2d -- , 2014 WL 2930860 (W.D. Ky. June 27, 2014); *Pierce v. Parker Towing Co., Inc.*, No. 14-73, 2014 WL 2569132 (S.D. Ala. June 9, 2014); *Coronel v. AK Victory*, No. 13-2304, 2014 WL 820270 (W.D. Wash. Feb. 28, 2014); *Bartman v. Burrece*, No. 14-80, 2014 WL 4096226 (D. Alaska Aug. 18, 2014); *see also* David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 38 TUL. MAR. L.J. 419, 477-78 (2014) ("The statutory-language exegesis in Ryan is thorough and careful, but we think the judge's conclusion that Romero (probably through congressional inadvertence) has become a dead letter seems too radical to be acceptable. We do not believe the Fifth Circuit will agree with the Ryan court.").

the plaintiff did not allege a Jones Act claim at all. *See Provost*, 2014 WL 2515412. Two of the

cases were removed on the basis of federal question jurisdiction under the Outer Continental

Shelf Lands Act, and the defendants specifically alleged that the plaintiffs had fraudulently pled

their Jones Act claims.[11] *See Bridges*, 2013 WL 6092803; *Garza*, 2014 WL 1330547. In the

final case, the removing defendant asserted that the plaintiff's Jones Act claim was alleged

against other defendants. *See Harrold*, 2014 WL 688984, at *1. The court found the plaintiff's

arguments that there was no "separate and independent" claim providing for subject matter

jurisdiction unavailing because the plaintiff relied on decisions interpreting the "separate and

independent" language that no longer appears in §1441(c). *Id*. at *4.

Here, Plaintiff has alleged a non-removable Jones Act claim. There is no allegation that

the Court has original federal question jurisdiction. The Jones Act claims are brought against all

Defendants, and none of those Defendants argues that the Jones Act claims are improperly pled.

Although Plaintiff does invoke some jurisprudence engaging in pre-2011 "separate and

independent" claim analysis, his primary arguments focus on the non-removability of his Jones

Act claims under the current version of § 1441(c). Accordingly, the four decisions in this district

allowing for the removal of general maritime claims are distinguishable.

### B. The Interplay Between 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1445

The parties do not cite any decision to directly address whether an action made non-

removable pursuant to § 1445 is nevertheless removable pursuant to § 1442. The few courts that

---

[11] A properly pleaded Jones Act claim is not removable unless the defendant can successfully establish fraudulent joinder. *See Burchett v. Cargill, Inc.,* 48 F.3d 173, 175-76 (5th Cir. 1995). Denial of a motion to remand on the basis that a Jones Act claim is fraudulently pleaded is proper where the court "determines, after resolving all disputed questions of fact and any ambiguities in the current controlling substantive law in plaintiff's favor, that there is no reasonable basis for predicting that the plaintiff might establish liability under the Jones Act." *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir. 1999). A removing defendant bears the "heavy burden" of showing a claim under the Jones Act is fraudulently pleaded. *Zertuche v. Great Lakes Dredge & Dock Co., LLC,* 306 F. App'x 93, 97 (5th Cir. 2009).

have addressed federal officer removal where the plaintiff has alleged a Jones Act claim do not decide whether non-removability pursuant to § 1445(a) trumps removal jurisdiction pursuant to § 1442(a)(1). Some courts faced with this interplay have first turned to § 1442, and finding no removal jurisdiction pursuant to that statute, rendered the issue of non-removability pursuant to § 1445 moot. *See Morgan v. Great S. Dredging, Inc*., No. 11-2461, 2012 WL 4564688 (E.D. La. Sept. 30, 2012) (because the defendants did not meet their burden of demonstrating that the court had removal jurisdiction pursuant to § 1442(a)(1), the court did not have to determine whether the action was non-removable pursuant to § 1445(a) in light of the plaintiff's Jones Act claims); *Lowe v. Norfolk & W. Ry. Co.*, 529 F. Supp. 491, 493 (S.D. Ill. 1982) (noting the parties' arguments regarding the "interplay" between § 1442(a)(1) and § 1445, but remanding the action based solely on the language of § 1442(a)(1)); *McCormick v. C.E. Thurston & Sons, Inc.,* 977 F. Supp. 400, 403 (E.D. Va. 1997) (noting that the plaintiff raised Jones Act claims, but finding no jurisdiction pursuant to "federal enclave" provision of the United States Constitution or the federal officer removal statute). At least one court, however, has addressed § 1445 first to determine whether the action was non-removable before turning to an analysis of removal jurisdiction pursuant to § 1442. *See Albrecht v. A.O. Smith Water Products*, No. 11-5990, 2011 WL 5109532 (S.D.N.Y. Oct. 21, 2011) (first determining that § 1445(c) did not apply, and then finding removal jurisdiction pursuant to § 1442).

The parties assert that they have uncovered decisions that clarify the issue of the removability of Jones Act claims pursuant to § 1442. The decisions referenced by the parties are tangential at best.

Plaintiff relies on a footnote in a U.S. Supreme Court decision from 1934. In *Gay v. Ruff*, 292 U.S. 25, 35 (1934), the defendant filed a civil suit for wrongful death of his son against the

receiver of a railroad appointed by a federal district court. The plaintiff sought removal pursuant to § 33 of the Judicial Code, Act of Aug. 23, 1916, ch. 399, 39 Stat. 532, a predecessor version of the current federal officer removal statute. In remanding the action, the court noted that the federal officer removal provision is to be read "strictly in pari material with the other removal provisions." *Gay*, 292 U.S. at 35. The Supreme Court stated that "Congress had by the Federal Employers' Liability Act provided that suits for injuries resulting from negligence in the operation of a railroad, although arising under a federal statute, could be brought in a state court, and if so brought, could not be removed to the federal court." *Id*. at 36. In footnote 17, the Supreme Court noted the persistence of Congressional abridgment of federal jurisdiction since the Federal Employers' Liability Act, specifically stating that removal is prohibited of actions by seamen under section 33 of the Merchant Marine Act of June 5, 1920, c. 250, 41 Stat. 988 (46 USCA s 688)." *Id*. at 36 n. 17. Although this footnote is a recognition that Congress has trended toward the non-removability of certain actions, it does not speak directly to the issue of whether the non-removability of an action by statute can be overcome by the presence of removal jurisdiction pursuant to the federal officer statute.

In its separately filed Opposition, Hess relies on a district court decision removing an entire action where only one of four causes of action were "removable" pursuant to 28 U.S.C. § 1442. *See Nat'l Audubon Soc. v. Dep't of Water & Power of City of Los Angeles*, 496 F. Supp. 499, 509 (E.D. Cal. 1980). That decision is inapplicable here as it did not concern a non-removable action pursuant to § 1445. Instead, the court denied remand of an action when one claim supported removal jurisdiction pursuant to § 1442, even though the three other claims were "non-removable" because they did not satisfy the elements of federal officer removal. *See id*.; *see also Najolia v. Northrop Grumman Ship Sys., Inc.*, 883 F. Supp. 2d 646, 656 (E.D. La. 2012)

("[E]ven if the failure-to-warn claim does not provide independent grounds for removal, the action is removable for the independent reason that . . . the 'acting under' prong is satisfied as to the design-defect claim.") (citing *Nat'l Audubon Soc.*, 496 F. Supp. at 509).

Having found no governing law on the interplay between § 1442 and § 1445, the court will take the path chosen by most of the courts faced with this issue. The court will first determine whether removal jurisdiction is proper pursuant to § 1442(a)(1). Only if removal jurisdiction is proper pursuant to § 1442(a)(1) will the court address the issue of non-removability pursuant to § 1445(a).

### C.     Removal Jurisdiction Pursuant to 28 U.S.C. § 1442(a)(1)

The federal officer removal statute provides for the removal of a civil action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office. . . ." 28 U.S.C. § 1442(a)(1). The purpose of this removal statute is to protect the lawful activities of the federal government from undue state interference. *See Mesa v. California,* 489 U.S. 121, 126 (1989). Section 1442(a) serves to overcome the "well-pleaded complaint" rule that would otherwise preclude removal even if a federal defense is asserted. *See id.* at 136. Unlike the general removal provision, which is strictly construed in favor of remand, the federal officer removal statute is liberally construed in favor of removal. *Watson v. Philip Morris Cos. Inc.*, 551 U.S. 142, 147-48 (2007); *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

As characterized by the Fifth Circuit, a defendant seeking to remove a civil action under § 1442(a)(1) must establish the following three prongs: (1) that the defendant is a person within the meaning of the statute; (2) that the defendant acted pursuant to a federal officer's directions

and that a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims; and (3) that the defendant has asserted a "colorable federal defense." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-01 (5th Cir. 1998), *cert. denied,* 526 U.S. 1034 (1999). The party asserting federal jurisdiction in a case removed under § 1442 bears the burden of establishing that jurisdiction exists. *Winters*, 149 F.3d at 398.

Nothing in the Petition asserts a claim against the United States or any of the Defendants in their capacity as government contractors working under the direction of federal officers. Plaintiff does not allege that APL or any of the other Defendants operated vessels owned by the Navy. Nevertheless, because removal pursuant to Section 1442(a) may overcome the "well-pleaded complaint" rule, the court must determine whether APL has met its burden of establishing that removal is proper pursuant to the federal officer removal statute.

### 1.     Whether APL is a Person

The parties do not dispute that APL is a "person" for the purpose of § 1442(a)(1). The Fifth Circuit has held that corporations are considered "persons" for removal pursuant to § 1442. *Winters*, 149 F.3d at 398.

### 2.     Whether APL Acted Under Direction of a Federal Officer and Whether a Causal Nexus Exists

Plaintiff asserts that APL has not established that there is a causal nexus between Plaintiff's claims and APL's actions under the direction of a federal officer.

APL claims that it acted under the direction of a federal officer because it operated a ship owned by the MSC when Plaintiff was employed by APL in 1984. (*Bartel II*, R. Doc. 36 at 4).

APL has not provided, however, any affidavits or other evidence that the MSC (much less a specific federal officer) directed it to do anything with regard to asbestos.[12]

Even assuming that it did act under the direction of a federal officer simply by operating the vessel at issue pursuant to a contractual relationship with the MSC, APL has failed to establish a casual nexus between its actions under the direction of a federal officer and Plaintiff's claims in this lawsuit. In support of its argument that the "causal nexus" element is satisfied, APL provides, with little reasoning, that "it is no stretch at all" to apply the reason of the Supreme Court's decisions in *Mesa* and *Willingham* to the facts of this action. (*Bartel II*, R. Doc. 36 at 8). The court disagrees.[13]

The Jones Act and general maritime claims asserted by Plaintiff invoke two lines of product liability cases concerning asbestos exposure and the federal officer removal statute. In the first line of cases, this district has found federal officer removal is appropriate where government contractors manufactured airplanes or ships pursuant to federal government contracts, and were subsequently sued in state court by individuals exposed to asbestos during the manufacturing process. In those cases, the causal nexus requirement was satisfied because the manufacturing defendants established the following upon removal: that the airplanes or ships they manufactured were pursuant to specific design specifications controlled by the United States military; that the government approved or supplied the component parts, including parts

---

[12] At least one court has held that "[a]cting under the direction of the Navy . . . is not the same as acting under the direct and detailed control of a federal officer." *Good v. Armstrong World Industries, Inc.*, 914 F. Supp. 1125, 1129 (E.D. Penn. 1996) (holding that the removing defendant did not establish in the notice of removal or by affidavit that a federal officer specified the use of asbestos in the design and manufacture of turbine generators).

[13] The cases cited by APL are not particularly helpful for resolving the "causal nexus" issue in this action. *See Mesa*, 489 U.S. 121 (removal of criminal actions against federal postal officers in state court for traffic violations while operating mail trucks was removable pursuant to § 1442); *Willingham*, 395 U.S. 402 (removal of action brought by federal prisoner accusing warden and others of assaulting, beating, and torturing him was removable pursuant to § 1442).

containing asbestos; that the government monitored and inspected the manufacturing process to ensure the specifications governed by federal law and regulations were met; and that manufacturing defendants had no contractual authority to alter the government's specifications. *See Leonard v. Bd. of Supervisors of Louisiana State Univ. & Agr. & Mech. Coll.*, No. 13-565-JJB-SCR, 2014 WL 2197042 (M.D. La. Jan. 17, 2014) *report and recommendation adopted sub nom. Leonard v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 2014 WL 2203876 (M.D. La. May 27, 2014); *Legendre v. Anco Insulations, Inc.*, No. 12-94-JJB-SCR, 2012 WL 2064537 (M.D. La. May 14, 2012) *report and recommendation adopted*, 2012 WL 2064533 (M.D. La. June 7, 2012); *Kluka v. Anco Insulations, Inc.*, No. 08-84-JJB-SCR, 2008 WL 2444517 (M.D. La. Apr. 28, 2008). In these actions, the manufacturing defendants produced sufficient evidence to demonstrate that the federal government engaged in the direct and specific control of the design and manufacturing of their products (airplanes and ships) as demonstrated by affidavits and contracts submitted to the court. *See Leonard*, 2014 WL 2203876; *Legendre*, 2012 WL 2064533; *Kluka*, 2008 WL 2444517; *see also Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1330 (E.D. La. 1994) ("The affidavits and contract information provided by [the government contractor] essentially establish that Avondale's agreements to build the ships required that they be constructed under contracts containing provisions to protect the interests of the United States.").

In the second line of cases, plaintiffs alleged that their contractor-employers failed to warn them of asbestos in their work areas, including government-owned facilities. In these cases, courts have concluded that removal pursuant to the federal officer removal statute is unwarranted because there is no causal nexus between the plaintiffs' exposure to asbestos and any direction of a federal officer. *See, e.g.*, *Ross v. Reilly Benton, Inc.*, No. 14-cv-1161, 2014 WL

3514668 (E.D. La. July 15, 2014) (remanding action removed pursuant to § 1442(a)(1) where removing defendant "has pointed to *no* evidence demonstrating that its use of asbestos was done 'pursuant to a federal officer's directions.'") (quoting *Winters*, 149 F.3d at 368)); *Weese v. Union Carbide Corp.*, 2007 WL 2908014, *7 (S.D. Ill. Oct. 3, 2007) (the second prong of the test for federal officer removal is not satisfied where the removing defendant "has adduced no evidence that a federal officer prevented it from furnishing adequate warnings about the dangers of exposure to asbestos"); *Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135 (D. Mass. 2007) (finding insufficient an affidavit stating in conclusory fashion that Navy "had ultimate control" over whether a contractor warned of asbestos); *Hampton v. Owens-Illinois*, No. 06-cv-10929, 2007 WL 274794 (E.D. La. Jan. 29, 2007) (remanding action removed pursuant to § 1442(a)(1) where the removing defendant did not identify any evidence that shipyard where the plaintiff worked as a welder "was barred from instituting enhanced safety and warning procedures regarding asbestos"); *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp. 2d 653, 664 (E.D. Tex. 1999) (although removing defendants established that there are "detailed, government specifications" relating to the products it manufactured, no federal officer provided any direction regarding providing warnings about asbestos); *Mouton v. Flexitallic, Inc.*, No. 99-cv-0162, 1999 WL 225438 (E.D. La. Apr. 14, 1999) ("The federal government provided no direction on warnings when using asbestos, and further did not prevent Avondale from taking its own safety precautions above the minimum standards incorporated in the federal contracts. Thus, the Court finds that Avondale has failed to establish a causal connection between the Navy's direction pursuant to the design contracts and plaintiff's failure to warn claims."); *cf. Winters*, 149 F.3d at 397 (finding removal proper in a failure to warn case when government's contract specifications

for the manufacture of Agent Orange included provisions for packaging and transport, and specific prohibitions against warnings on the barrels).

Plaintiff's claims, though raised pursuant to the Jones Act and general maritime law, are analogous to the "failure to warn" claims addressed in the decisions above. Decedent is a civilian seaman who sailed on the vessels owned or operated by APL and the other Defendants. Plaintiff does not allege that Decedent manufactured these vessels, worked in areas where such vessels were manufactured, or has sued the manufacturers of these vessels. Plaintiff alleges that APL and the other owners or operators of vessels upon which he worked failed to warn Decedent of the presence of, and dangers associated with, asbestos on those vessels, failed to provide him with a safe workplace, and failed to provide adequate training, supervision, and protective equipment to the crew for the handling of asbestos and asbestos-containing products. (Petition, ¶¶ 39, 47, 51, 52).

APL represents that it "will demonstrate that the contract under which it operated the USNS YUKON created a principal-agent relationship with the Government," but has not provided the Court, either in its Notice of Removal or subsequently, a copy of its contract with the federal government. (*Bartel II*, R. Doc. 36 at 2). APL has not submitted any affidavits to support its assertion that the contract provided APL any direction with regard to asbestos on the vessel or cargo brought on to the vessel. APL has not submitted any evidence that its contract with the federal government precluded it from warning its employees of the presence of asbestos on the vessel that APL was operating.

For the foregoing reasons, and in light of the lack of evidence submitted by APL in support of its removal, APL has failed to establish a causal connection between the MSC's direction pursuant to a government contract and Plaintiff's claims.

### 3. Whether APL Has Asserted a Colorable Federal Defense

By arguing that his claims are made non-removable in light of § 1445, Plaintiff also implicitly challenges APL's assertion of a colorable federal defense because APL's asserted federal defense is premised on the inapplicability of § 1445.

APL argues that it is immune from the Plaintiff's suit and the Plaintiff must sue the United States, and not APL, pursuant to the Public Vessels Act, 46 U.S.C. §§ 31101–31113, and Suits in Admiralty Act, 46 U.S.C. §§ 30901–30918. (*Bartel II*, R. Doc. 36 at 4). APL quotes a former version of 46 U.S.C. § 30904 (formally cited as 46 U.S.C. § 745) to support its argument that "under circumstances such as this a seaman's claim is against the government, not the operator." (*Bartel II*, R. Doc. 36 at 4). APL relies upon two decisions in support of its asserted defense. (*See Bartel II*, R. Doc. 36 at 4-7 (discussing *Petition of United States*, 367 F.2d 505 (3d Cir. 1966) and *Gordon v. Lykes Bros. SS. Co., Inc.*, 835 F.2d 96 (5th Cir. 1998)).

The Court need not address APL's argument that it has a colorable federal defense in detail because, as discussed above, APL has not met its burden of establishing the second prong of the federal officer removal analysis.

### IV. CONCLUSION

The Court finds that Plaintiff's Jones Act claims are not removable under § 1445(a) when removal is based on the general removal statute, § 1441. The Court need not determine whether Plaintiff's general maritime claims would be removable in the absence of Plaintiff's Jones Act claims.

Despite the broad purview of the federal officer removal statute, consideration of Plaintiff's claims, APL's evidence in support of the removal, and the applicable law supports a

finding that APL has not established that the court has jurisdiction over this action pursuant to § 1442(a)(1).

## RECOMMENDATION

**IT IS THE RECOMMENDATION** of the magistrate judge that Plaintiff's Motion to Remand be **GRANTED**, and the action be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on November 6, 2014.


**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**